IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY P. LANDRETH, | § | |
| TDCJ-CID NO.125084, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-07-661 |
| | § | |
| MS. MONK, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Gregory P. Landreth, a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss this action for the reasons to follow.

BACKGROUND

Plaintiff reports the following events giving rise to the pending civil rights complaint: On December 4, 2006, Occupational Therapist Monk informed plaintiff that she was going to write a major case against him because plaintiff told her he was a killer. (Docket Entry No.1). Instead, Occupational Therapist Henry wrote a case stating that plaintiff had threatened Henry with bodily harm. (*Id.*). Plaintiff claims he did not threaten Henry but he threatened Monk. (*Id.*). Plaintiff also claims that he did not inflict harm on anyone. (*Id.*). As a result of the major case, plaintiff's release to parole or mandatory supervision was set back again. (*Id.*). Plaintiff seeks compensatory damages of $15,000.00 (*Id.*).

Plaintiff indicates by a check on a form pleading that he has not exhausted both steps of the grievance procedure with respect to this claim. (*Id.*).

DISCUSSION

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. *Booth*, 532 U.S. at 739. Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ-CID currently provides for a two-step grievance procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Id.* Because plaintiff did not file a grievance report complaining of any of the alleged violations of his civil rights, he has not exhausted his administrative remedies.

Although the failure to exhaust is an affirmative defense, which a prisoner is not required to plead or prove in this complaint, *Jones v. Bock*, 127 S.Ct. 910, 921 (2007), a reviewing court may raise the issue *sua sponte* or dismiss a complaint without service on defendants where the face of the pleadings confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust state remedies before filing suit. *See id.* at 920-921; *compare Wyatt v. Doe*, No.06-20515, 2007 WL 625036 (5th Cir. 2007) (vacated and remanded where plaintiff indicated on pleadings that he had exhausted his grievances) (not designated for publication); *Weaver v. Vonda*, No.06-41110 (5th Cir.

2007) (vacated and remanded where plaintiff indicated in his more definite statement filed pursuant to court order that he had not exhausted his state remedies) (not designated for publication).  In this case, plaintiff indicated on a form complaint that he had not filed a grievance with respect to this claim.  For this reason, the Court will dismiss plaintiff's complaint without prejudice pursuant to 42 U.S.C. § 1997e.

## CONCLUSION

Accordingly, the Court ORDERS plaintiff's complaint be DISMISSED WITHOUT PREJUDICE, for failure of the plaintiff to exhaust all available remedies on all his claims as required by 42 U.S.C. § 1997(e).  All pending motions, if any, are DENIED.

The Clerk will provide a copy to plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ-CID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax 512-936-2159.

It is so ORDERED.

Signed at Houston, Texas, on this 17th day of April, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE